UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

DONALD WILLIAM SIMMS, II,

      Petitioner,

  v.                                  Case No. 14-C-1275

UNITED STATES OF AMERICA,

      Defendant.

---

DECISION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON
IN FEDERAL CUSTODY (DOC. 1), DISMISSING CASE, DENYING AS MOOT
MOTION TO STAY (DOC. 2) AND DENYING CERTIFICATE OF APPEALABILITY

Donald W. Simms, II, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. This court sentenced Simms to 240 months on December 16, 2009, following his guilty plea to felon in possession of a firearm and two counts of possession with intent to deliver marijuana. The Seventh Circuit Court of Appeals vacated the sentence and remanded the case to allow this court to indicate whether it intended to sentence Simms outside of the guideline range and to designate that the new sentence for violation of supervised release would run concurrently with the other sentences. *United States v. Simms*, 626 F.3d 966 (7th Cir. 2010). The United States Supreme Court denied certiorari on October 3, 2011, *Simms v. United States,* 132 S. Ct. 128 (2011), and this court resentenced Simms to 180 months on count 2 and 50 months on counts 3 and 6, with counts 3 and 6 to run concurrently but consecutive to count 2. That sentence was affirmed by the Seventh Circuit on July 3, 2013. *United States v. Simms*, 721 F.3d 850 (7th Cir. 2013). Simms did not file the pending motion until October 14, 2014.

Simms faces several procedural obstacles to success in this matter. First, the one-year limitations period for a § 2255 petition runs from the latest of four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). For § 2255 purposes, a judgment of conviction becomes final when the time expires for filing a petition for a writ of certiorari contesting the appellate court's decision affirming the conviction. *Clay v. United States*, 537 U.S. 522, 524–25 (2003). The period for filing such a petition expires 90 days after the court of appeals enters its judgment or denies a petition for rehearing, which in this case was October 1, 2013. S. Ct. R. 13. However, Simms did not file his petition until October 14, 2014.

In addition, Simms did not raise any of the pending arguments in his two direct appeals. A § 2255 motion is not a substitute for a direct criminal appeal. *See Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007)(Section 2255 motion is "neither recapitulation of nor a substitute for a direct appeal.") (citation omitted). Thus, if a § 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal. *See Sandoval v. United States*, 574 F.3d 847, 850–51 (7th Cir. 2009). However, Simms's ineffective assistance claims may be

2

brought for the first time in a § 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 504 (2003), *United States v. James*, 635 F.3d 909, 916 (7th Cir. 2011).

Aside from the issues of timeliness and default, Simms's claims fail on their merits. He challenges his conviction on four grounds: (1) ineffective assistance of counsel in failing to call a witness from the sanitation department to testify regarding the procedures for collecting trash located behind a privacy fence; (2) ineffective assistance of counsel in failing to investigate the detective's decision to have her husband, a police officer, run a field test rather than a lab test; (3) ineffective assistance of counsel in failing to advise that he would be considered a career offender; and (4) the court imposed an unconstitutional sentence based on two "constitutionally infirm convictions."

To prevail on an ineffective assistance of counsel claim, Simms must show two things. First, he must establish that his "counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Review of trial counsel's performance 'must be highly deferential' and 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Smith v. Gaetz*, 565 F.3d 346, 352–53 (7th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689). He must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.* Second, Simms must show prejudice based on counsel's errors. This requires him to demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*,

3

466 U.S. at 694. Speculation that the result would have been different had counsel pursued a different line of defense will not suffice. *United States v. Williams*, 934 F.2d 847, 852 (7th Cir.1991).

Simms argues that defense counsel, Attorney Rodney Cubbie, should have called a sanitation worker to testify in support of his motion to suppress. Simms challenged evidence seized pursuant to a warrant, and that warrant was based in part on marijuana found in the search of a garbage cart at his home in Milwaukee. Magistrate Judge Patricia J. Gorence conducted an evidentiary hearing on June 16, 2008, during which Simms and three detectives testified. Judge Gorence issued a recommendation that the motion to suppress be denied.

Upon receiving Simms's objections, this court conducted an evidentiary hearing. Simms, two detectives, and a special agent testified before this court. After hearing that testimony and reviewing the submissions of the parties, this court disagreed with the magistrate's analysis regarding the garbage pull, but adopted her findings of fact and agreed that the motion to suppress must be denied. In so ruling, this court stated:

> Simms kept his garbage carts close to his home and behind a six-foot privacy fence. The officer who pulled Simms' garbage walked at least fifty feet up his driveway and crossed the fence line to retrieve the carts even though Simms customarily pulled the carts to the curb. The officer did so unaccompanied by a sanitation worker and without a warrant. No case from the Seventh Circuit has permitted such a deep intrusion into one's property or privacy.

(Case No. 08-CR-86 at p. 5.) The Seventh Circuit Court of Appeals affirmed the judgment of conviction, but concluded that the garbage search was lawful because it was authorized by an appearance of consent to collect the garbage from the fenced yard under winter rules *with the gate open. Simms*, 721 F. 3d at 971 (emphasis added).

4

> Simms frames his ineffective assistance argument in his § 2255 as follows:
>
> Counsel failed to have anyone from the sanitation department testify to the rules and procedures for collecting trash that's located behind a 6 foot privacy fence with a no trespassing sign affixed and further he should have at least called the sanitation workers assigned to the neighborhood. The affiant affidavit had stated that the trash cans our [sic] located behind fence and brought to end of driveway on trash pick up days. There was nothing on record as what took place once winter rules went into effect. This only could have been answered by calling sanitation workers assigned to neighborhood or someone else from sanitation to testify about current rules and procedures. This was impartive [sic] because the only evidence was from garbage pull.

(Doc. 1 at pp. 6-7.)

On this record, Simms cannot satisfy *Strickland*. During his plea hearing, Simms told the court that he was satisfied with Attorney Cubbie's performance and that Attorney Cubbie had "covered all of the bases." (Case No. 08-CR-86, Doc. 78 at 6.) Counsel successfully litigated the issue of the garbage pull at the district court level and called Simms to testify at length regarding the six-foot wooden fence surrounding his backyard that was placed there in the spring of 2007. He also testified that the no trespassing sign was affixed to the fence, and that two metal prongs on the lower end of the fence secured the gates. (Case No. 08-CR-86, Doc. 40 at pp. 102-106.) According to Simms, the city trash collectors did not come inside the fence and he put his garbage cart curbside all year long when it was time to be picked up. (*Id.* at 107.) This was the testimony upon which the court relied when ruling in Simms's favor on this issue.

Having a sanitation worker testify regarding practice and procedure when a garbage cart is located behind a six-foot fence with a no trespassing sign would not have altered the Seventh Circuit's conclusion that the search was authorized by the appearance of consent to collect the garbage from a fenced yard under winter rules where the gate was

open. *Simms*, 626 F.3d at 971. If the gate were open only because the snow prevented it from being shut, Simms must have opened it earlier. *Id.* The Seventh Circuit noted that Simms did not testify that he had an understanding with the garbage collectors that they were not to enforce "winter rules" against him and that "[p]resumably they would have ignored such a request, since the rules are intended to prevent interference with the city's snowplows." *Id.*, 626 F.3d at 969. The Seventh Circuit also reasoned that the "winter rules" had the force of law, thus creating the easement to enter the property to collect the garbage. *Id.*

Simms also asserts that counsel failed to investigate why Detective Jasmine Mischichoski instructed her husband, Police Officer Brett Mischichoski, to conduct a field test rather than order a lab review. Simms never suggests that the substance tested was not marijuana, and could not make such argument on this record. Nevertheless, he speculates that counsel should have explored "potential misconduct and conflict of interest."

Again, Simms cannot show that the outcome of his case would have been different if counsel would have pursued this issue. Magistrate Judge Gorence concluded that the affidavit in support of the search warrant established probable cause inasmuch as it was based on information from a confidential informant about the defendant's involvement in the distribution and sale of cocaine and that the informant had been determined to be credible. The informant described accurately Simms, his residence, and his vehicle, and all of the information provided by the informant was corroborated in a followup investigation. Although the affidavit included the results of the garbage pull, this court concluded that it was reasonable for the officer to rely on the search warrant based, in part,

on the information obtained from the confidential informant. The same affidavit described the presence of clear sandwich bags in addition to suspected marijuana in the plastic garbage bag. Consequently, this record provided a basis for upholding the warrant irrespective of whether a field test for marijuana or a lab analysis was conducted.

Simms's third ground for relief is that counsel failed to advise him that he would be a career offender, and, as such, thereby prevented him from entering a knowing and voluntary plea. Simms never challenged his guilty plea on direct appeal, which may have been the result of paragraphs 13 and 24 of the plea agreement where Simms agreed that he would not move to withdraw the guilty plea as the result of any determination of his criminal history or the sentence imposed. (Doc. 08-CR-86, Doc. 59 at pp. 7, 10.) However, to the extent that he has framed the challenge to the plea as a failure on the part of counsel to fairly apprise him of his career offender status, the record belies his assertion:

Paragraph 18 of the plea agreement states as follows:

<u>Career Offender</u>

The government will recommend that the defendant be subject to the enhancements set forth in Guideline § 4B1.1, as the defendant is a career offender.

(Case No. 08-CR-86, Doc. 59 at p. 8.) Additionally, the court directs Simms's attention to Attorney Rodney Cubbie's statements during the plea hearing:

Judge, I think as the court can see, Mr. Simms is very bright; and during the course of this, and before he signed the plea agreement, there were several discussions between Mr. Simms and I about the plea agreement, its contents, the sentencing guidelines, his prior convictions, you know his career offender status, possible objections that we might make to things that the Government might seek. And there were negotiations about certain aspects of the proposed plea agreement that Mr. Simms actually directed me to engage in, and some of those things are reflected in this agreement. Mr. Simms and I have gone over the evidence in this case pretty carefully.

7

> We've gone through, as the court knows, two evidentiary hearings where
> he's testified about the factors that led to the search warrant.

(Case No. 08-CR-86, Doc. 78 at 7.) Simms agreed with everything that counsel stated, and told this court that he read the plea agreement before he signed it. (*Id.* at 8.) Then, Simms told this court that he understood "the career offender and the base offense level aspect." (*Id.* at 11.) Therefore, it is disingenuous for Simms to argue that "he was later determined to be an armed career criminal by the probation office" or that "the plea never mentioned anything about potential ACCA enhancement." Nor does the court find credible any statement that counsel overlooked Simms's career offender status because counsel referenced it during the plea hearing.

Finally, Simms argues that the sentence was imposed in violation of the constitution because the court relied on two constitutionally infirm convictions. During his plea hearing, Simms acknowledged a prior felony conviction in Arizona and that his conviction remained in effect. (Case No. 08-CR-96, Doc. 78 at 23.) After the plea hearing, Attorney Cubbie moved to withdraw as counsel and Attorney Christopher Bailey was appointed to represent Simms. Attorney Bailey filed a motion for collateral challenge to Simms's prior Arizona state convictions contending that Simms's Arizona counsel admitted to cocaine use after representing Simms. Yet, in *Custis v. United States*, 511 U.S. 485, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994), the court found that a defendant had no constitutional right to challenge a prior conviction under § 924(e) unless the prior conviction was uncounseled. This court found that the two prior state convictions were not uncounseled and that they had not been vacated or otherwise reopened by the Arizona courts. On appeal, Simms

did not challenge the finding that he was an Armed Career Criminal or a Career Offender. Further, he did not challenge the guideline determination on appeal.

The Seventh Circuit remanded Simms's case for the purpose of making his revocation sentence run concurrently with the sentences imposed in the new criminal case and to impose a sentence within the guideline range or clarify the reasons for the new sentence. Nevertheless, Attorney Bailey asked the court to adjourn the proceeding for 120 days to enable counsel in Arizona to seek an order vacating the prior convictions that enhanced his sentence. (Case No. 08-CR-86, Doc. 138.) Simms retained new counsel, Attorney Gerald Boyle, who filed a second motion to adjourn the resentencing hearing. (Case No. 08-CR-86, Doc. 145.) The court convened but held the motion to adjourn the resentencing hearing in abeyance. (Case No. 08-CR-86, Doc. 149.) In the interim, Attorney Gerald Boyle moved to withdraw as counsel and Attorney Christopher D. Donovan was appointed. Simms filed a second appeal after the resentencing and the Seventh Circuit affirmed the judgment of conviction rejecting Simms's argument that a remand for resentencing always requires the district judge to resentence "from scratch." *United States v. Simms*, 721 F.3d at 851. Hence, Simms's argument that his sentence rests on infirm convictions that have been defaulted is without merit inasmuch as the convictions have not been overturned and continue to be challenged in Arizona.

The court is aware that Simms has filed a motion for stay pending his transfer to another institution and while he awaits a decision from the Arizona courts. However, because the motion is plainly without merit, there is no basis for a stay.

Simms may appeal only those issues for which a certificate of appealability has been granted. *See Sandoval*, 574 F.3d at 852. He is entitled to a certificate of

9

appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, Simms must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, the court finds that reasonable jurists would not debate that the pending motion does not present a valid claim of the denial of a constitutional right. Reasonable jurists could not debate that the petition should have been resolved in a different manner, as Simms's claims of ineffective assistance of counsel do not present evidence of constitutionally deficient attorney performance or otherwise demonstrate resulting prejudice. His sentencing issue is defaulted and without merit. Therefore, the court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c). Now, therefore,

IT IS ORDERED that Donald William Simms's motion under 28 U.S.C. § 2255 to vacate set aside, or correct sentence is denied.

IT IS FURTHER ORDERED that this case is dismissed.

IT IS FURTHER ORDERED that Simms's motion for stay is denied as moot.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

Dated at Milwaukee, Wisconsin, this 26th day of November, 2014.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE