UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

DONALD WILLIAM SIMMS, II,

  Petitioner,

 v.             Case No. 14-C-1275

UNITED STATES OF AMERICA,

  Respondent.

ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO APPEAL
IN FORMA PAUPERIS (DOC. 6), DENYING MOTION TO ALTER OR AMEND
JUDGMENT (DOC. 13), AND DENYING AS MOOT MOTION TO AMEND
NOTICE OF APPEAL AND GRANTING REQUEST FOR CERTIFICATE OF
APPEALABILITY (DOC. 11)

On November 26, 2014, this court denied Donald Williams Simms's motion under 28 U.S.C. § 2255 and denied a certificate of appealability. Simms has filed a motion for leave to proceed in forma pauperis, as well as motions to amend his notice of appeal, for a certificate of appealability, and to alter and amend judgment. Based on Simms's prisoner trust account statement and the fact that the court appointed counsel for Simms for purposes of sentencing and resentencing in Simms's underlying criminal case, the court is satisfied that Simms is indigent. The court finds that he is proceeding in good faith, and may proceed in forma pauperis on appeal.

With respect to Simms's motion to alter or amend judgment, the motion was filed over two months after judgment was entered. Although Simms requests relief under Rule 59(e) or 60(b), that rule requires that the motion be filed no later than 28 days after the entry of the judgment. Consequently, the motion will be analyzed as filed under Rule 60(b), which permits a court to relieve a party from an order or judgment based on such grounds as mistake, inadvertence, surprise or excusable neglect, newly discovered

evidence, fraud, a judgment that is void or has been discharged, or any other reason that justifies relief.

Simms argues that the court misunderstood his argument regarding the knowing and voluntary nature of his plea. Ground three of Simms's petition asserts that counsel was ineffective because the plea was not knowingly and voluntarily entered. Simms claims he was told by counsel that he would receive no more than 120 months on the felon in possession charge, but the presentence writer later determined he was subject to the armed career criminal enhancement. This court sentenced Simms to 270 months (240 months for the underlying criminal offenses and 30 months for violating the terms of his supervised release).[1]

In denying the § 2255 motion, this court noted that Simms never challenged his guilty plea on appeal and agreed he would not move to withdraw the guilty plea as the result of any determination of his criminal history or sentence imposed. (Doc. 08-CR-86, Doc. 59, pp. 7, 10.) The court also noted multiple references in the plea agreement and during the plea hearing to his potential career offender status. Simms now asserts that the court violated Rule 11 of the Federal Rules of Criminal Procedure because it discussed the potential applicability of the career offender guidelines but never discussed a potential fifteen-year minimum sentence for an armed career criminal.

Simms's arguments in his motion to alter or amend attack counsel's performance on two levels: (1) counsel was ineffective in failing to anticipate the applicability of the

---

[1] The Seventh Circuit noted that the sentencing order was unclear because Simms was sentenced to five months above the guideline range but the boxes on the order indicated that the sentence was outside and within the guidelines range. The Seventh Circuit also instructed that the court run the sentence for the violation of supervised release concurrently with the other sentences. On remand, this court imposed a term of 240 months consistent with its earlier intent.

2

armed career criminal enhancement; and (2) counsel was ineffective in failing to challenge the knowing and voluntary nature of the plea once probation determined Simms qualified for the enhancement. In support, he attaches his letter from counsel following the plea but prior to sentencing raising this issue. Although this argument was raised and rejected in Simms's initial motion, the letter was not presented at the time of the motion. Hence, the court will address it for the purpose of completing the record on appeal.

Simms cites Rule 11 of the Federal Rules of Criminal Procedure for the proposition that the failure to reference the armed career criminal enhancement in the plea or during the hearing renders his plea unknowing or involuntary. However, Rule 11 is not a constitutional requirement. *United States v. Timmreck*, 441 U.S. 780, 783 (1979). Indeed, a violation of Rule 11 to which a timely objection is not made by defendant's counsel will be grounds to vacate a guilty plea only if the violation constitutes plain error. *United States v. Sura*, 511 F.3d 654, 658 (7th Cir. 2007). To satisfy this standard, the defendant who sat silent has the burden to show that substantial rights were affected by the court's failure to comply with Rule 11. *Id.* Also, a defendant has the burden to persuade the court that the error seriously affected the fairness, integrity or public reputation of judicial proceedings. *Id.* Put simply, the defendant who pled guilty without objection must show a reasonable probability that, but for the Rule 11 error, he would not have entered the plea. *Id.* The court looks to the totality of the circumstances surrounding the plea and the court's acceptance of the plea, including evidence outside of the colloquy. *Id.*

As an initial matter, the court turns to the language in the plea agreement. Simms was advised of the statutory maximum for each count to which he agreed to enter a plea. (No. 08-CR-86, Doc. 59, ¶ 6.) Additionally, he acknowledged that the United States

3

Probation Office would conduct an investigation of his criminal history and that he and the government may not have full and complete information that may effect sentencing. In two paragraphs in the plea agreement, Simms said that he would not move to withdraw solely as a result of the sentencing court's determination of his criminal history or the sentence imposed. (No. 08-CR-86, Doc. 59, ¶¶ 13, 24.) Moreover, Simms acknowledged that the government's decision to recommend that he be subject to the enhancements of a career offender did not create any right to be sentenced in that range and that the court may impose a sentence above that range. (No. 08-CR-86, Doc. 59, ¶ ¶ 14, 18.)

During the plea hearing, Attorney Rodney Cubie outlined his discussions with Simms and represented as follows:

> Judge, I think as the Court can see, Mr. Simms is very bright; and during the course of this, and before he signed the plea agreement, there were several discussions between Mr. Simms and I about the plea agreement, its contents, the sentencing guidelines, his prior convictions, you know, his career offender status, possible objections that we might make to things that the Government might seek.
>
> And there were negotiations about certain aspects of the proposed plea agreement that Mr. Simms actually directed me to engage in, and some of those things are reflected in the agreement. Mr. Simms and I have gone over the evidence in this case pretty carefully. We've gone through, as the Court knows, two evidentiary hearings where he's testified about the factors that led to the search warrant.
>
> And he's had a complete set of the discovery. I've gone through it with him. I've answered all his questions. I'm convinced he understands everything associated with the plea agreement. I'm not sure what else to say but except to say he's got a full understanding beyond that have of most defendants, almost all defendants that I've represented, of the facts and circumstances of his case and the plea agreement itself.

(No. 08-CR-86, Doc. 78, p. 7-8.) Simms agreed with this statement and acknowledged he understood the "career offender and the base offense level aspect." (No. 08-CR-86, Doc. 78, p. 11.)*)

As noted above, Simms has since provided the court with a copy of a letter from Attorney Cubie dated June 24, 2009. The letter states, in relevant part:

> You are correct that I did not anticipate your armed career criminal status. I thought you were only, so to speak, a career offender. My assessment of your criminal history was based on what I knew before your plea. Still, even if I had known you were an ACC, I would have advised you to take the plea agreement.
>
> And, even if I had foreseen that you were an ACC, what would you have done different? Gone to trial? I don't think so. You would have been convicted and be in an even worse position.
>
> It was probation, not Lipscomb, which recognized your ACC status, while preparing your presentence report.

(No. 14-C-1275, Doc. 13-1, p. 2.) The court took the guilty plea on January 8, 2009, but did not sentence Simms until December 16, 2009. Hence, this letter was written *before* sentencing and *before* Attorney Cubie moved to withdraw. Given this timing, there appears to be a calculated decision by counsel and Simms not to raise this issue.

This court is satisfied that Simms, at the time of the plea, knew the elements of the crime, the basis for the plea, the rights that he was relinquishing, the potential that his sentence may not be the one recommended by the government, and that his sentence could exceed the length of time discussed. As stated by Attorney Cubie, Simms was actively involved in the negotiation of his plea and acutely aware of the potential implications. Thus, based on the totality of the circumstances surrounding the plea and

the two subsequent appeals, this court is not persuaded that there is any probability that Simms would not have plead guilty had he known he would be subject to U.S.S.G. § 4B1.4.

Simms never raised the issue with the court before or after Attorney Cubie moved to withdraw even though he discussed it with counsel, as reflected by the letter on file. Further, this court appointed Attorney Christopher Bailey to represent Cubie four months prior to sentencing, and Attorney Bailey vigorously challenged the application of the armed career criminal enhancement but never declined to challenge the plea here or on appeal. On remand for clarification of the sentence, Simms hired Attorney Gerald Boyle. Again, Simms did not attack the plea even though he continued to challenge the underlying Arizona offenses that gave rise to the enhancement. Finally, Attorney Christopher Donovan was appointed to assist with the resentencing hearing and never challenged the plea here or on Simms's second appeal. Consequently, this court is persuaded that Simms's assertions regarding his desire to proceed to trial are disingenuous. He knew of the armed career criminal enhancement after it was discovered by the probation office, he raised it with counsel prior to sentencing, and he has had countless opportunities to discuss it with his four defense attorneys. Counsel made a calculated decision not to challenge the voluntary nature of the plea. Instead, they attacked the applicability of the enhancement and the sentence imposed exceeded the mandatory minimum for an armed career criminal. Thus, as framed, Simms cannot prevail on his claim of ineffective assistance of counsel.

Next, in his motion to alter or amend, Simms asserts that the court committed a manifest error of law when it rejected his attacks on his underlying Arizona convictions.

These arguments were raised in Simms's initial motion and were addressed by the court. Simms provides no basis for revisiting the prior ruling and this court is not inclined to do so.

Additionally, Simms has asked the court to amend his notice of appeal to include the correct case number. As examination of that record reveals, the error Simms mentions has been corrected by the Clerk. Lastly, Simms seeks a certificate of appealability. Although the court denied a certificate of appealability earlier, it now believes that a certificate should be granted as discussed above. Now, therefore,

IT IS ORDERED that Simms's motion for leave to appeal in forma pauperis is granted.

IT FURTHER ORDERED that Simms's motion to alter or amend judgment is denied.

IT IS FURTHER ORDERED that Simms's motion to amend notice of appeal is denied as moot.

IT IS FURTHER ORDERED that Simms's motion for certificate of appealability is granted with respect to his claims that counsel was ineffective in failing to challenge the knowing and voluntary nature of the plea where Simms was apprised that he may be a career offender but was later found to be an armed career criminal.

Dated at Milwaukee, Wisconsin, this 12th day of May, 2015.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE